Main Properties, Inc. v. Commissioner.
Main Props., Inc. v. Commissioner
Docket No. 815.
United States Tax Court
1945 Tax Ct. Memo LEXIS 307; 4 T.C.M. (CCH) 201; T.C.M. (RIA) 45059A; February 8, 1945
*307 BLACK Order BLACK, Judge: Pursuant to the Memorandum accompanying this order, it is ORDERED, that M. E. Farthing, M. A. Backlund and B. A. Talbot be made parties hereto in their capacity as trustees of the creditors and stockholders of Main Properties, Inc., a dissolved corporation, and that the caption of this proceeding be changed to read "Main Properties, Inc., Dissolved, M. E. Farthing, M. A. Backlund, and B. A. Talbot, Trustees of the Creditors and Stockholders, Petitioner, v. Commissioner of Internal Revenue, Respondent." Memorandum to Accompany Order BLACK, Judge: On November 28, 1944, we promulgated a report in this proceeding in which we found as a fact that Main Properties, Inc., the petitioner herein, was dissolved by the Secretary of State of Texas on February 10, 1942. On February 5, 1945, counsel for petitioner filed with this Court a paper alleging in part: * * * That it is verily believed that such original petitioner continues to be the proper party to continue as petitioner in this proceeding, but in order that all parties who may in any wise have any interest or may be affected by this proceeding or may have any rights or liabilities growing *308 out of such proceeding may be parties to this proceeding, the said Realty Management Company, M. E. Farthing, M. A. Backlund and B. A. Talbot do hereby enter their appearance in this proceeding and make themselves parties hereto. Such named parties further allege that upon dissolution of Main Properties, Inc., on February 10, 1942, the sole stockholders of such company were the said Realty Management Company, M. E. Farthing, M. A. Backlund, and B. A. Talbot. That on such date of dissolution the said M. E. Farthing was President; M. A. Backlund, Vice-President; and B. A. Talbot, Secretary-Treasurer of the said Main Properties, Inc., and that such persons constituted all of the officers of such company on the date of dissolution. That on the date of such dissolution, M. E. Farthing, H. A. Backlund, and B. A. Talbot constituted all of the Directors of such company. WHEREFORE, the said parties hereby make themselves parties to this proceeding and pray for such appropriate order as is necessary to make and continue them as such parties petitioner. Article 1388 of Vernon's Annotated Texas Statutes provides: Art. 1388. [1206-7] Liquidation by officers. - Upon the dissolution of *309 a corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and for this purpose they may in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and exercise full power and authority of said company over such assets and property. Said trustees shall be severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands. Article 1389 of Vernon's Annotated Texas Statutes provides: Art. 1389. [1206] [682] [606] Extension of existence. *310 - The existence of every corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty, to settle up its affairs. In case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle the affairs of such corporation. In , the Commissioner of Appeals of Texas, Section B, in referring to these two articles said: * * * Article 1388, without any time limitation, authorizes these trustees to defend and maintain suits and generally settle up the affairs of the dissolved corporation. Under this article the assets pass into the hands of these trustees, and they are charged with definite duties and responsibilities. This very article authorizes the substitution of these trustees as parties plaintiff in the further prosecution of the case at bar. Article 1389 is merely cumulative of article 1388. It but provides that, as an aid to the trustees in performing their duties as prescribed in article 1388, the corporation *311 itself, for limited purposes only, may continue for three years, and even longer, under a receivership, if the court thinks it necessary. But, even if such continuance of the corporation itself, for limited purposes is not had at the option of the trustees, they still have the right, and are charged with the duty, of defending and maintaining suits in the protection of the assets of the corporation. Upon the above authorities it is our opinion that M. E. Farthing as president and director and M. A. Backlund and B. A. Talbot as directors of Main Properties, Inc. at the time of its dissolution are all proper parties as trustees for the creditors and stockholders of Main Properties, Inc., dissolved, to continue the proceeding commenced by Main Properties, Inc. under. Article 1389, supra. An order will be entered changing the caption of this proceeding to read "Main Properties, Inc., Dissolved, M. E. Farthing, M. A. Backlund, and B. A. Talbot, Trustees of the Creditors and Stockholders, Petitioner, v. Commissioner of Internal Revenue, Respondent."